UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

In re Application of KARAM SALAH AL DIN
AWNI AL SADEQ for an Order                          Case No. _____
Under 28 U.S.C. § 1782 to
Conduct Discovery for Use in Foreign Proceedings.   **DECLARATION OF
                                                     TAB K. ROSENFELD**

------------------------------------------------------------------ x

       I, **TAB K. ROSENFELD**, do hereby declare under penalty of perjury pursuant to 28 U.S.C.

§ 1746 the following:

       1.     I am admitted to practice before this Court and I am a member of the law firm of

Rosenfeld & Kaplan, LLP, attorneys for the applicant Karam Salah Al Din Awni Al Sadeq ("Mr. Al

Sadeq" or "Applicant").

       2.     I respectfully submit this Declaration in support of Mr. Al Sadeq's application for an

order under 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding.

       3.     The requested relief is for the purpose of obtaining limited, but necessary, discovery

in aid of civil proceedings initiated by the Applicant in March, 2020 and currently pending in the

High Court of Justice of England and Wales, Queen's Bench Division captioned: <u>Karam Salah Al

Din Awni Al Sadeq v. Dechert, LLP, Neil Gerrard, David Hughes, and Caroline Black,</u> Claim No.

QB-2020-000322 (the "Foreign Proceeding").  A copy of the claim (hereinafter, the "Claim"), filed

by Applicant is annexed as Exhibit A hereto.

       4.     Mr. Al Sadeq is a lawyer and Jordanian citizen who is a resident of the United Arab

Emirates (the "UAE").  For the past six years, he has been incarcerated in Ras Al Khaimah

("RAK"), one of the constituent Emirates of the UAE, for alleged involvement in fraudulent

transactions allegedly committed against his former employer, the RAK Investment Authority

("RAKIA").  Claim ¶ 1.

5.      Mr. Al Sadeq had been employed by RAKIA from November 2008 and 2012,  first as a legal advisor, then Group Legal Director, and then Deputy Chief Executive Officer of RAKIA, reporting to RAKIA's then-CEO, Dr. Khater Massaad ("Dr. Massaad"). Claim ¶ 35.

6.      Mr. Al Sadeq denies any involvement in wrongdoing and maintains that the charges against him were politically motivated on the part of the Ruler of RAK in an attempt to conceal the Ruler's own close involvement in RAKIA's activities, and that he was convicted on the basis of false confessions obtained from him under duress by the defendants in the Foreign Proceeding. Claim ¶ 1.

7.      Neil Gerrard ("Gerrard") is and was at all material times a partner at the UK-based law firm Dechert, LLP ("Dechert UK"), where he is global co-head of Dechert's white collar and securities litigation practice.  Claim ¶ 4.

8.      David Hughes ("Hughes") was, at all material times, a partner at Dechert UK, who worked closely with Gerrard.  Claim ¶ 5.

9.      Caroline Black ("Black") is and was at all material times, is a Partner at Dechert UK specializing in corporate investigations, working closely with Mr Gerrard.  Claim ¶ 6.

10.      Mr. Gerrard is alleged to have been appointed by the Ruler of RAK to lead an investigation into alleged fraud committed by Dr. Massaad against RAKIA.  Claim ¶¶ 8, 29.

11.      In the Claim, Mr. Al Sadeq alleges that serious wrongs were committed against him by Mr Gerrard, Mr Hughes, Ms. Black and Dechert UK in relation to that investigation.  Claim ¶ 8.

12.      In September 2014, Mr. Al Sadeq was abducted from outside of his family home in Dubai and forcibly transported to RAK by men claiming to be from the RAK State Security Investigations.  Claim ¶¶ 43-45.  Once in RAK, Mr. Al Sadeq was placed in custody in solitary confinement, without having been arrested or told what (if any) charges or allegations were being made against him; he was subjected to torture and inhumane treatment while incarcerated in solitary

confinement for around 560 days; he was denied access to legal representation; his family was threatened and he was forced to sign false confessions under duress which were used in order to convict him and to implicate others including Dr. Massaad.  Claim ¶ 33, 48.  These abuses are alleged to have been orchestrated by Gerrard with the assistance of the other defendants, at the behest of the Ruler.  Claim ¶¶ 33, 47.

13.     During his detention, Mr. Al Sadeq was interrogated several times by Gerrard, assisted by the other defendants, in an aggressive fashion, was pressured by threats and false promises to "cooperate" by giving information falsely to implicate, Dr. Massaad, as well as other alleged co-conspirators, including Mr. Quzmar, Mr. Mikadze, Mr. Azima, with respect to fraud perpetrated in connection with RAKIA, and was coerced to sign false confessions.  Clam ¶¶ 51, 61-67, 98, 114, 118-132, 173-175, 178-184.

14.     As a result of such wrongs alleged to have been perpetrated by the defendants, Mr. Al Sadeq has brought claims for breaches of UAE criminal law and procedure, the UAE Constitution, and breach of his human rights as a matter of UAE and international law, and has sought damages stemming from, *inter alia*, his severe psychological and physical harm, pain and suffering, financial losses, and damage to reputation. Claim ¶¶ 9, 220-229, 294-299.

**The Discovery Sought**

15.     The Foreign Proceeding is ongoing, and Mr. Al Sadeq is engaged in the process of seeking information and documents to support his Claim.

16.     The party from whom discovery is sought is the US-based Dechert LLP ("Dechert US").

17.     In the course of a hearing a separate case pending before the High Court of Justice Business and Property Courts of England and Wales Business List (ChD), captioned: Ras Al Khaimah Investment Authority v. Farhad Azima, Case No. HC-2016-002798, Gerrard testified that

he reported to the "main board" of Dechert US about his concerns about a negative media campaign against him and Dechert, among others, concerning their investigation, at the behest of Ruler of RAK, of alleged fraud committed against RAKIA by Dr. Massaad and co-conspirators.  A copy of the transcript of Day 5 of the hearing, which took place on January 28, 2020, and is annexed hereto as Exhibit B.  See Ex. B, p. 132-134.

18.     As set forth in the accompanying Declaration of Bambos Tsiattalou ("Tsiattalous Decl."), upon information and belief, Gerrard reported to Dechert US' Policy Committee, which is Dechert US' elected board of directors, which, among other things, is responsible for risk management within Dechert's global network of firm and would be responsible for investigating alleged misconduct of its attorneys.  It is believed that the Policy Committee of Dechert US has information concerning Gerrard's report(s) to it, and conducted an inquiry and/or investigation into allegations of misconduct by Gerrard and the other defendants. Tsiattalous Decl. ¶¶ 12-13, 21-28.

19.     Upon information and belief, Dechert US has information, documents, and material, which may shed further light on the defendants' misconduct in connection with their investigation of, inter alia, Mr. Al Sadeq, which may provide evidence germane to Mr. Al Sadeq's Claim in the Foreign Proceeding.

20.     Accordingly, Mr. Al Sadeq seeks leave to serve the subpoena annexed hereto as Exhibit C, in which Mr. Al Sadeq seeks, inter alia, documents and testimony concerning Gerrard's meetings with Dechert US' Policy Committee concerning the defendants' investigation, communications and meetings among members of the Dechert US Policy Committee concerning the defendants' investigation, and any investigation by Dechert US into the actions undertaken by the defendants in the course of their investigation.

21.     Mr. Al Sadeq, as the plaintiff in the Foreign Proceeding, is an interested party who may seek the requested discovery for purposes of 28 U.S.C. § 1782.

22.     The target of the discovery, Dechert US, resides in this District.

23.     Given the relevance of the material sought in this proceeding, Applicant has good reason to believe that these documents and testimony could, and would, be considered in the Foreign Proceeding.

24.     Applicant must obtain the requested materials and information as soon as possible for use in the ongoing Foreign Proceeding.

25.     For these reasons, Mr. Al Sadeq respectfully requests that this Court grant its Application and issue the Order annexed hereto as Exhibit D, granting Mr. Al Sadeq leave to serve the named witness with the subpoena attached hereto.

Dated:  July 31, 2020

_____

Tab K. Rosenfeld