# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In Re Application of KARAM SALAH AL DIN AWNI AL SADEQ for an Order Under 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. | )<br>)<br>) Civil Action No.<br>)<br>)<br>) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, NY 10036

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Reports by Neil Gerrard to the Policy Committee, and any investigation by the Policy Committee, concerning the investigation of alleged fraud committed against the RAK Investment Authority by, inter alia, Mr. Al Sadeq

| Place: Rosenfeld & Kaplan, LLP<br>1180 Avenue of the Americas, Suite 1920<br>New York, New York 10036 | Date and Time: |
|---|---|

The deposition will be recorded by this method: stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE ATTACHED SCHEDULE "A"

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

     *CLERK OF COURT*

                     OR

  _____      _____
   *Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

                                                    _____
                                                            *Server's signature*

                                                    _____
                                                            *Printed name and title*

                                                    _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**INSTRUCTIONS AND DEFINITION OF TERMS**

**A. Instructions**

1. Each paragraph below shall operate and be construed independently; and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

2. Identify every document in this request that is withheld on any claim of privilege, work product or other immunity from production and for each such document state:

   a. the specific basis on which that document is being withheld;

   b. the date and subject matter of the document;

   c. the name and address of the author and/or originator of the document;

   d. the name and address of the recipient of the document.

3. The documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the paragraphs set forth below.

4. The party under subpoena should furnish any additional or supplemental documents subject to this Schedule "A" which are created or discovered after the original production of documents.

5. This Schedule "A" is intended to cover all documents in the possession of the party under subpoena or subject to his/her custody or control, including information in the possession, custody or control of his/her attorneys, accountants, investigators, experts, employees, agents and any other persons employed on his/her behalf, and not merely such information as is known of his/her own personal knowledge.

6. Whenever appropriate, the singular form of a word should be interpreted in the plural.

7. The relevant time period for this Subpoena, unless otherwise specified as to any specific request, shall be the period from September 1, 2014 to the date of your deposition.

**B. Definitions**

1. "Document" or "documents" shall mean the original, or if the original is not in your custody or under your control, a copy thereof; and, in any event, the term includes any non-identical copy or copies which differ from the original for any reason (e.g., draft copy or copy containing notes thereon). "Document" further means any kind of printed, recorded, written, graphic or photographic matter (including tape recording), however printed, produced, reproduced, coded or stored, of any kind or description, whether sent or received, including

1

originals, copies, reproductions, facsimiles, drafts, and including, without limitation: any writings, letters, telegrams, cables, telex messages, memoranda, correspondences, memoranda or notes of conferences or telephone conversations, reports, notices, studies, lists, work papers, routing slips, inter-office communications to, between or among directors, officers, agents, attorneys, accounts or employees, compilations of data, papers, books, records, accounts, contracts, deeds, leases, agreements, pictures, photographs, transcripts, minutes, tapes, microfilm, computer data files, printouts, vouchers, accounting statements, engineering diagrams, mechanical and electrical recordings, checks, deposit slips, reports and recordings of conversations, interviews, conferences, committee meetings or other meetings; affidavits, statements, summaries, opinions, court pleadings and reports, indices, studies, analyses, forecasts and evaluations; licenses, and agreements; invoices, notebooks, entries, ledgers, journals, books of record, accounts, summaries of accounts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, advertisements, brochures, circulars, bulletins, pamphlets, trade letters, desk calendars, appointment books, diaries, telephone logs, expense accounts, lists, tabulations, data sheets, computer tapes and discs, magnetic tapes, punch cards, computer printouts, data processing input and output, computer files, computer programs, computer program coding sheets, microfilms, microfiche; models, photographs, drawings, sketches, blueprints, objects, and all other tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic, or other magnetic or electrical impulses or other form of communication is recorded, stored or produced, including audio and video recordings and computer-stored information, whether or not in printout form, and things similar to any of the foregoing, regardless of their author or origin, however denominated by the person upon whom the request is made.

2. "You", "yours" or any variant thereof refers to the party under subpoena, the said party's agents, employees, servants, and representatives and any affiliates, subsidiaries, or related entities.

3. "Or" and "and" each mean "and/or". "All" shall be understood to include and encompass "any."

4. "Refers and relates to," and "refers to" as used herein mean concerns, consists of, refers to, reflects, reflects on, shows or in any way is logically or factually connected with the matter discussed.

5. The word "communication" or any variant thereof, means any contact between two or more persons and shall include, without limitation, written contact by means such as letters, e-mails, text messages, memoranda, telegrams, telecopies or telexes, or by any document, and any oral contact such as face-to-face meetings and telephone conversations.

6. "Concerning," "evidencing" or "relating to" or any variant thereof includes referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, relating to, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

7. "Mr. Al Sadeq" means Karam Salah Al Din Awni Al Sadeq

8. "Dr. Massaad" means Dr. Khater Massaad.

9. "RAK" means Ras Al Khaimah.

10. "RAKIA" means the RAK Investment Authority.

11. "Dechert UK" means Dechert, LLP, a limited liability partnership registered in England & Wales with registration number OC306029, authorized and regulated by the Solicitors Regulation Authority of England and Wales, and any of its agents, employees, servants, and representatives and any affiliates, subsidiaries, or related entities.

12. "Gerrard" means David Neil Gerrard.

13. "Hughes" means David Hughes.

14. "Black" means Caroline Black.

15. "Dechert US" means Dechert LLP, a Pennsylvania limited liability partnership, which has offices and is authorized to do business in New York.

16. "Policy Committee" means the policy committee of Dechert US.

## SCHEDULE "A"

1. All documents concerning communications, including, but not limited to, e-mails, text messages and other communications, by and among, Gerrard and any members of the Policy Committee, that refer or relate to the investigation by Gerrard, Hughes, Black, and/or Dechert into alleged fraud committed against RAKIA by, inter alia, Dr. Massaad and/or Mr. Al Sadeq.

2. Any and all documents, including, but not limited to, memoranda, notes, facsimiles, e-mails or other documents or communications which refer, relate to, evidence, or memorialize any meetings, discussions, or communications with Gerrard that refer or relate to the investigation by Gerrard, Hughes, Black, and/or Dechert into alleged fraud committed against RAKIA by, inter alia, Dr. Massaad and/or Mr. Al Sadeq.

.

3. Copies of any documents and/or materials provided by Gerrard, Hughes, Black, and/or Dechert that concern, refer or relate to the investigation by Gerrard, Hughes, Black, and/or Dechert into alleged fraud committed against RAKIA by, inter alia, Dr. Massaad and/or Mr. Al Sadeq.

4. All documents concerning communications, including, but not limited to, e-mails, text messages and other communications, by and among, Gerrard, Hughes, Black, and/or Dechert and any members of the Policy Committee, that refer or relate to any interrogation and/or investigation of Mr. Al Sadeq by any of Gerrard, Hughes, Black, and/or Dechert concerning RAKIA.

5. Any and all documents, including, but not limited to, memoranda, notes, facsimiles, reports, e-mails or other documents or communications which refer, relate to, evidence, or memorialize any investigation undertaken by, or on behalf of Dechert US and/or the Policy Committee, concerning the investigation by Gerrard, Hughes, Black, and/or Dechert into alleged fraud committed against RAKIA by, inter alia, Dr. Massaad and/or Mr. Al Sadeq.

6. Any and all documents, including, but not limited to, memoranda, notes, facsimiles, reports, e-mails or other documents or communications which refer, relate to, evidence, or memorialize any report or other communication by Dechert US to any external authority concerning the investigation by Gerrard, Hughes, Black, and/or Dechert into alleged fraud committed against RAKIA by, inter alia, Dr. Massaad and/or Mr. Al Sadeq.