Tab K. Rosenfeld (TR-9212)
Steven M. Kaplan (SK-4228))
Nicole E. Meyer (NM-2302)
ROSENFELD & KAPLAN, LLP
1180 Avenue of the Americas, Suite 1920
New York, NY 10036
(212) 682-1400
tab@rosenfeldlaw.com
steve@rosenfeldlaw.com
nm@rosenfeldlaw.com

*Attorneys for Applicant Karam Salah Al Din Awni Al Sadeq*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
In re Application of KARAM SALAH AL DIN
AWNI AL SADEQ for an Order                    Case No. _____
Under 28 U.S.C. § 1782 to Conduct
Discovery for Use in Foreign Proceedings.
-------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF**
**APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 TO**
**<u>CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING</u>**

**PRELIMINARY STATEMENT**

The applicant Karam Salah Al Din Awni Al Sadeq ("Mr. Al Sadeq" or "Applicant") respectfully files this *ex parte*[1] application (the "Application") for an order under 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding.

The requested relief is for the purpose of obtaining limited, but necessary, discovery in aid of a civil proceeding initiated by the Applicant and currently pending in the High Court of Justice of England and Wales, Queen's Bench Division captioned: <u>Karam Salah Al Din Awni Al Sadeq v. Dechert, LLP, Neil Gerrard, David Hughes, and Caroline Black</u>, Claim No. QB-2020-000322 (the "Foreign Proceeding").

In the Foreign Proceeding, Mr. Al Sadeq alleges that the defendants Dechert, LLP ("Dechert UK"), Neil Gerrard ("Gerrard"), David Hughes ("Hughes"), and Caroline Black ("Black), committed a serious wrongs against him in the course of an investigation undertaken by them, at the behest of the Ruler of Ras Al Khaimah ("RAK"), into alleged fraud committed by Dr. Khater Massaad ("Dr. Massaad") and others, including Mr. Al. Sadeq, against their former employer, the RAK Investment Authority ("RAKIA"). Al Sadeq has brought claims against the defendants in the Foreign Proceeding for breaches of UAE criminal law and procedure, the UAE Constitution, and breach of his human rights as a matter of UAE and international law, and has sought damages stemming from, inter alia, his severe psychological and physical harm, pain and suffering, financial losses, and damage to reputation.

---

[1] This Court routinely entertains *ex parte* applications pursuant to Section 1782. See <u>Gushlak v. Gushlak</u>, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*."). This is because an opposing party may move to quash a subpoena issued pursuant to a Section 1782 application, thereby preserving its due process rights. See <u>id</u>.

Gerrard testified in a separate Court proceeding that he reported to the Policy Committee of the US-based Dechert, LLP ("Dechert US") concerning the investigation into alleged fraud perpetrated against RAKIA. Upon information and belief, Dechert US has information, documents, and material concerning Gerrard's meetings with Dechert US' Policy Committee concerning the defendants' investigation, communications and meetings among members of the Dechert US Policy Committee concerning the defendants' investigation, and any investigation by Dechert US into the actions undertaken by the defendants in the course of their investigation.

Accordingly, Mr. Al Sadeq respectfully requests leave of the Court to subpoena Dechert US, in accordance with 28 U.S.C. § 1782, to obtain discovery for use in the Foreign Proceeding.

This Application meets the statutory elements and discretionary factors under 28 U.S.C. 1782. Mr. Al. Sadeq is a participant in the Foreign Proceeding, to which the requested discovery is material and relevant. Mr. Al Sadeq hereby seeks to obtain discovery for use in the Foreign Proceeding. The target of the discovery sought hereby is found within this District. In addition, as set forth below, each of the four discretionary factors that this Court may consider also favor granting the Application. Mr. Al Sadeq's application should be granted, and Mr. Al Sadeq should be permitted to seek discovery in aid of its claims in the Foreign Proceeding.

## FACTUAL BACKGROUND

The factual background of the disputes underlying the Foreign Proceedings is set forth in detail in the Claim annexed to the Declaration of Tab K. Rosenfeld (the "Rosenfeld Decl.) as Exhibit A and in the accompanying Declaration of Haralambos Tsiattalou ("Tsiattalou Decl."). Those acts are summarized below, as well as the need for the requested discovery.

Mr. Al Sadeq is a lawyer and Jordanian citizen who is a resident of the United Arab Emirates (the "UAE"). For the past six years, he has been incarcerated in RAK, one of the

constituent Emirates of the UAE, for alleged involvement in fraudulent transactions allegedly committed against his former employer, RAKIA. Claim ¶ 1. Mr. Al Sadeq had been employed by RAKIA from November 2008 and 2012, first as a legal advisor, then Group Legal Director, and then Deputy Chief Executive Officer of RAKIA, reporting to RAKIA's then-CEO, Dr. Massaad. Claim ¶ 35. Mr. Al Sadeq denies any involvement in wrongdoing and maintains that the charges against him were politically motivated on the part of the Ruler of RAK in an attempt to conceal the Ruler's own close involvement in RAKIA's activities, and that he was convicted on the basis of false confessions obtained from him under duress by the defendants in the Foreign Proceeding. Claim ¶ 1.

Defendant Gerrard is and was at all material times a partner at the UK-based law firm Dechert UK,[2] where he is global co-head of Dechert's white collar and securities litigation practice. Claim ¶ 4. Defendant Hughes was, at all material times, a partner at Dechert UK, who worked closely with Gerrard. Claim ¶ 5. Defendant Black is and was at all material times, is a Partner at Dechert UK specializing in corporate investigations, working closely with Mr Gerrard. Claim ¶ 6.

Mr. Gerrard is alleged to have been appointed by the Ruler of RAK to lead an investigation into alleged fraud committed by Dr. Massaad against RAKIA. Claim ¶¶ 8, 29. In the Claim, Mr. Al Sadeq alleges that serious wrongs were committed against him by Mr Gerrard, Mr Hughes, Ms. Black and Dechert UK in relation to that investigation. Claim ¶ 8. In September 2014, Mr. Al Sadeq was abducted from outside of his family home in Dubai and forcibly transported to RAK by men claiming to be from the RAK State Security Investigations.

---

[2] Dechert UK is a limited liability partnership registered in England & Wales with registration number OC306029, authorized and regulated by the Solicitors Regulation Authority of England and Wales. Claim ¶ 3.

3

Claim ¶¶ 43-45.  Once in RAK, Mr. Al Sadeq was placed in custody in solitary confinement, without having been arrested or told what (if any) charges or allegations were being made against him; he was subjected to torture and inhumane treatment while incarcerated in solitary confinement for around 560 days; he was denied access to legal representation; his family was threatened and he was forced to sign false confessions under duress which were used in order to convict him and to implicate others including Dr. Massaad.  Claim ¶ 33, 48.  These abuses are alleged to have been orchestrated by Gerrard with the assistance of the other defendants, at the behest of the Ruler.  Claim ¶¶ 33, 47.  During his detention, Mr. Al Sadeq was interrogated several times by Gerrard, assisted by the other defendants, in an aggressive fashion, was pressured by threats and false promises to "cooperate" by giving information falsely to implicate, Dr. Massaad, as well as other alleged co-conspirators, including Mr. Quzmar, Mr. Mikadze, Mr. Azima, with respect to fraud perpetrated in connection with RAKIA, and was coerced to sign false confessions.  Clam ¶¶ 51, 61-67, 98, 114, 118-132, 173-175, 178-184.

As a result of such wrongs alleged to have been perpetrated by the defendants, Mr. Al Sadeq has brought claims for breaches of UAE criminal law and procedure, the UAE Constitution, and breach of his human rights as a matter of UAE and international law, and has sought damages stemming from, *inter alia*, his severe psychological and physical harm, pain and suffering, financial losses, and damage to reputation. Claim ¶¶ 9, 220-229, 294-299.

**The Discovery Sought**

The Foreign Proceeding is ongoing, and Mr. Al Sadeq is engaged in the process of seeking information and documents to support his Claim.  The party from whom discovery is

sought is the US-based Dechert LLP ("Dechert US").[3]  In the course of a hearing a separate case pending before the High Court of Justice Business and Property Courts of England and Wales Business List (ChD), entitled: <u>Ras Al Khaimah Investment Authority v. Farhad Azima</u>, Case No. HC-2016-002798, Gerrard testified that he reported to the "main board" of Dechert US about his concerns about a negative media campaign against him and Dechert, among others, concerning their investigation, at the behest of Ruler of RAK, of alleged fraud committed against RAKIA by Dr. Massaad and co-conspirators.  Rosenfeld Decl. Exhibit B, p. 132-134.  As set forth in the accompanying Tsiattalou Decl., it is believed that Gerrard reported to Dechert US' Policy Committee, Dechert US' elected board of directors, which, among other things, is responsible for risk management within Dechert's global network of firm and would be responsible for investigating alleged misconduct of its attorneys.  It is further believed that the Policy Committee of Dechert US has information concerning Gerrard's report(s) to it, and conducted an inquiry and/or investigation into allegations of misconduct by Gerrard and the other defendants.  Tsiattalou Decl. ¶¶ 12-13, 21-28.

Accordingly, upon information and belief, Dechert US has information, documents, and material, which would shed further light on the defendants' misconduct in connection with their investigation of, inter alia, Mr. Al Sadeq, which may provide evidence germane to Mr. Al Sadeq's Claim in the Foreign Proceeding.

Accordingly, Mr. Al Sadeq seeks leave to serve the subpoena annexed to the Rosenfeld Decl. as Exhibit C, in which Mr. Al Sadeq seeks, *inter alia*, documents and testimony concerning Gerrard's meetings with Dechert US' Policy Committee concerning the defendants' investigation, communications and meetings among members of the Dechert US Policy

---

[3] Dechert US is a Pennsylvania limited liability partnership, which has offices and is authorized to do business in New York.

Committee concerning the defendants' investigation, and any investigation by Dechert US into the actions undertaken by the defendants in the course of their investigation.

**ARGUMENT**

Mr. Al Sadeq respectfully submits that this Court should grant the Application because: (1) it meets the statutory requirements set forth in Section 1782 (*i.e.*, the person from whom discovery is sought resides in the district to which the application is made, the discovery is for use in proceedings before a foreign tribunal and the applicant is an "interested person"); and (2 the discretionary factors established by controlling case law weigh substantially in its favor (*e.g.*, whether (a) the target of discovery is a participant in the foreign proceedings, (b) the foreign tribunal is receptive to the use of the Requested Discovery, (c) the request is an attempt to circumvent foreign law, and (d) the request is unduly burdensome).  Granting the Application will serve Section 1782's "twin aims of providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to [U.S.] courts." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 252 (2004) (internal quotations and citation omitted).

**I.      THE APPLICATION MEETS THE STATUTORY REQUIREMENTS**

Federal courts may grant discovery within the United States for use in a foreign proceeding, under 28 U.S.C. § 1782(a), which requires "(1) that the person from whom discovery is sought reside (or be found) in the district of the district court to which the application is made, (2) that the discovery be for use in a proceeding before a foreign tribunal, and (3) that the application be made by a foreign or international tribunal or 'any interested person.'" In re Edelman, 295 F.3d 171, 175-76 (2d Cir. 2002)(quoting Esses v. Hanania (In re Esses), 101 F.3d 873, 875 (2d Cir. 1996)).

6

To satisfy the first statutory requirement, Mr. Al Sadeq must demonstrate that Dechert US "resides" or is "found" in the S.D.N.Y.  With respect to Dechert US' operations, Dechert maintains offices in Manhattan, which it acknowledges are is its largest office in the United States.[4]  Because Dechert US maintains offices and conducts substantial activities that are central to its business in this District, the first statutory requirement is satisfied.  Ahmad Hamad Algosaibi & Bros. Co. v. Std. Chtd. Int'l (USA) Ltd., 785 F. Supp. 2d 434, 438 (S.D.N.Y. 2011) ("All of the respondents have offices and do business in Manhattan and thus 'reside' in the Southern District of New York").

Turning to the second statutory requirement, an applicant must also demonstrate "that the materials [it] seeks are to be used at some stage of a foreign proceeding that was within reasonable contemplation at the time of the proceedings below." Mees v. Buiter, 793 F.3d 291, 301 (2d Cir. 2015); see also In re Grynberg, 223 F. Supp. 3d 197, 201 (S.D.N.Y. 2017) ("Evidence is 'for use in a foreign proceeding' if it is 'something that will be employed with some advantage or serve some use in the proceeding'" (quoting Certain Funds, Accounts and/or Investment Vehicles v. KPMG, LLP, 798 F.3d 113, 120 (2d Cir. 2015)).  As the discovery is requested for use in a pending foreign proceeding, the Application also satisfies this requirement.

Mr. Al Sadeq believes that Dechert US possesses relevant documents, materials, and information concerning the misconduct perpetrated by the defendants in connection with their investigation of Mr. Al Sadeq, and Mr. Al Sadeq will use the requested discovery in the Foreign Proceeding to support his Claim.  See In re Iraq Telecom Ltd., No. 18MC458LGSOTW, 2019 WL 3798059, at *3 (S.D.N.Y. Aug. 13, 2019), reconsideration denied, No. 18MC458LGSOTW, 2019 WL 5080007 (S.D.N.Y. Oct. 10, 2019)(Rejecting the Respondents' argument that

---

[4] See https://www.dechert.com/locations/offices/new-york.html.

Petitioner's requests cannot be for use in foreign proceedings because the documents' existence at this point is only "speculative" and finding that "[b]ecause the discovery requests are all relevant to the claims raised in the DIFC litigation, Petitioner has satisfied the § 1782 statutory factors").

Lastly, Mr. Al Sadeq's status as a litigant (*i.e.*, the plaintiff) in the Foreign Proceeding renders it an "interested person" under Section 1782. See Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd., 785 F. Supp. 2d at 438. As the Supreme Court acknowledged in Intel, supra, "no doubt litigants are included among, and may be the most common example of, the interested persons who may invoke [Section] 1782." Intel, 542 U.S. at 256. Thus, the third statutory requirement plainly is satisfied.

## II. THE DISCRETIONARY FACTORS WEIGH IN FAVOR OF MR. AL SADEQ'S APPLICATION

The discretionary factors set out by the Supreme Court in the seminal Intel decision also weigh in favor of granting the Application. These factors include: (1) "whether the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) "whether the request is otherwise unduly intrusive or burdensome." Intel, 542 U.S. at 264-65; see also In re O'Keeffe, 650 F. App'x 83, 85 (2d Cir. 2016).

### A. Dechert US is Not a Participant in the Foreign Proceeding

Where, as here, discovery is sought from a party who is not participating in the foreign proceeding, the need for court-ordered discovery is apparent. "A foreign tribunal has

8

jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." Intel, 542 U.S. at 264 (citations omitted). Accordingly, where the target of discovery is not a party to the underlying litigation, this factor weighs in favor of granting the application. See Gorsoan Ltd. v. Bullock, 652 F. App'x 7, 9 (2d Cir. 2016) ("Indisputably, Remmel, Smith, and RIGroup are not parties to the Cyprus proceedings, and so the first Intel factor weighs in favor of discovery against them."); In re BNP Paribas Jersey Tr. Corp. Ltd. for an Order Pursuant to 28 U.S.C. §1782 to Conduct Discovery for Use in Foreign Proceedings, No. 18-MC-00047 (PAC), 2018 WL 895675, at *3 (S.D.N.Y. Feb. 14, 2018). As such, this factor favors granting the Application.

### B. The Foreign Tribunals are Receptive to U.S. Judicial Assistance

The second discretionary factor identified by the Supreme Court—the nature of the foreign proceeding and the receptivity of the foreign tribunal to federal court assistance—requires courts to consider "(1) whether United States assistance would offend the foreign country, and (2) whether the material sought is admissible in the foreign tribunal." In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf, No. M19-88, 2006 WL 3844464, at *6 (S.D.N.Y. Dec. 29, 2006) (citations omitted). In weighing these factors, courts may only rely on "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782." Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1100 (2d Cir. 1995). Here, there is no evidence that the discovery sought in this application would "offend" the Courts of England and Wales. Nor is there any indication that the documents and materials sought would be

inadmissible in the Foreign Proceeding.[5]  To the contrary, the documents, materials, and information sought from Dechert US concern potential evidence would serve to support Mr. Al Sadeq's claims of misconduct perpetrated by the defendants.  Given their relevance to the proceedings, Applicant has good reason to believe that these documents, materials, and testimony could, and would, be considered.  This factor weighs in favor of granting the Application.

### C. The Application Does Not Circumvent the Rules of the Foreign Tribunals

The Application does not "attempt to circumvent" proof-gathering restrictions of the Courts of England and Wales. Thus, the third discretionary factor also weighs in favor of granting discovery.  Intel, 542 U.S. at 264-65.  This third factor looks at whether the foreign forum has "rules akin to privileges that *prohibit* the acquisition or use of certain materials not whether it has rules that *fail to facilitate* investigation of claims by empowering parties to require their adversarial and non-party witnesses to provide information." Mees v. Buiter, 793 F.3d 291, 303 (2d Cir. 2015);  In re Accent Delight Int'l Ltd., No. 18-1755-CV, 2019 WL 5960348, at *3 (2d Cir. Nov. 13, 2019)("Sotheby's has not provided any showing that the policy or restrictions of any relevant foreign jurisdiction *prohibit* the discovery sought by Petitioners.).  The third factor also suggests that discovery should be granted, as this application is not an attempt to

---

[5] In the absence of explicit evidence that a foreign tribunal would reject evidence gathered through US discovery, courts have found that the second factor weighs in favor of granting discovery under Section 1782.  Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1100 (2d Cir. 1995); see also In re Application of Gorsoan Ltd. & Gazprombank OJSC for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in a Foreign Proceeding, 2014 WL 7232262, at *7 (S.D.N.Y. Dec. 10, 2014), aff'd sub nom Gorsoan Ltd. v. Bullock, 652 F. App'x 7 (2d Cir. 2016) ("Where courts have found that analysis of the second Intel factor weighs against a Section 1782 discovery request, evidence demonstrating the non-receptiveness of the foreign tribunals to U.S. discovery has been explicit.").

circumvent any foreign proof-gathering restrictions and there is no evidence that the Courts of the United Kingdom prohibits the discovery sought.

    **D. The Application is Tailored to Avoid Unnecessary Burdens in Accordance With the Federal Rules Of Civil Procedure**

Finally, the fourth factor favors granting discovery because the Application is narrowly tailored to include only relevant information and avoid any undue burden. "[A] district court evaluating a § 1782 discovery request should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." Mees, 793 F.3d at 302 (citing In re Edelman, 295 F.3d at 179 ("Limits may be proscribed on [§ 1782] discovery or an existing order may be quashed under Rule 26(c).")). Under a Section 1782 discovery order, relevancy is defined as any information that "bears on, or reasonably could lead to other matter that could bear on" the Applicant's claims or defenses in the foreign action. In re Ex Parte Application of Porsche Automobil Holding SE for an Order Pursuant to 28 U.S.C. §1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings, No. 15-MC-417 (LAK), 2016 WL 702327, at *9 (S.D.N.Y. Feb. 18, 2016) (internal citations and quotation marks omitted). Where requests are "sufficiently specific," and concern "a reasonable period of time and state with reasonable particularity the subjects to which the documents relate," the requests are designed to avoid undue burden. Application of Sumar, 123 F.R.D. 467, 472–73 (S.D.N.Y. 1988).

The requested discovery directly bears on Mr. Al Sadeq's claims that the defendants subjected him to torture, inhumane treatment, threats and coercion in connection with their investigation of his alleged involvement in fraud perpetrated on RAKIA. Thus, the requested discovery is highly relevant to the Foreign Proceeding. Furthermore, the Requested Discovery would not be unduly burdensome for Dechert US to produce, as the requests are targeted in

11

scope and should be readily identifiable and accessible.  See In re Berlamont, No. 14-MC-00190 JSR, 2014 WL 3893953, at *2 (S.D.N.Y. Aug. 4, 2014), aff'd sub nom. In re Application for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proceedings, 773 F.3d 456 (2d Cir. 2014)("the petitioner is seeking a specific, discrete set of documents that are easily identifiable and not unduly burdensome").

Because the discovery requests seek material documents and materials concerning Dechert US' knowledge of the defendants' investigation of fraud allegedly committed against RAKIA, are limited by date, seek documents and materials that should be maintained in Dechert US' normal course of business, and are sufficiently specific to allow Dechert US to conduct targeted searches to identify and produce the documents, materials, and information with minimal burden, the Application comports with the Federal Rules of Civil Procedure and this fourth factor weights in favor of granting the Application.

## CONCLUSION

Based on the foregoing, Mr. Al Sadeq respectfully requests that the Court issue an Order granting the Application and authorizing the Applicant to serve the subpoena attached as Exhibit C to the Rosenfeld Declaration upon Dechert US.

Dated:  New York, New York
        July 31, 2020

                                        **ROSENFELD & KAPLAN, LLP**

                                  By:   _____
                                        Tab K. Rosenfeld (TR-9212)
                                        Steven M. Kaplan (SK-4228))
                                        Nicole E. Meyer (NM-2302)
                                        1180 Avenue of the Americas, Suite 1920
                                        New York, NY 10036
                                        (212) 682-1400
                                        *Attorneys for Applicant Karam Salah Al Din Awni Al Sadeq*