# EXHIBIT A

| | |
|---|---|
| **From:** | Rosenberg, Benjamin |
| **Sent:** | Thursday, October 1, 2020 4:54 PM |
| **To:** | Tab Rosenfeld |
| **Cc:** | Raphel, Brian; Nicole Meyer; Steve Kaplan |
| **Subject:** | RE: Subpoena served on Dechert LLP |

Tab:

Thanks for your email. I am afraid that I was not clear in my email: It is not the case that "the subpoenaed entity (which is not subject to the jurisdiction of the UK courts) has records within its possession, custody and control which, in the absence of a stipulated agreement, are not within the possession, custody or control of its foreign affiliate." Dechert – all of its offices and all of its entities – are one firm, and anything that is in the possession of any of its offices or entities – including Dechert US, which is the entity at issue here – is in the control of Dechert UK, the defendant in the UK litigation. In other words, any document held by Dechert US will be produced irrespective of the fact that Dechert UK, not Dechert US, is one of the Defendants, subject to any applicable privileges or objections that might be asserted in the UK litigation. There is no basis to apply US law to the question of the discoverability of any document that could be relevant to the English litigation.

In answer to your questions:

(1)     Dechert is willing to produce whatever is required under English disclosure rules, as directed by the English court. None of your requests seeks documents or testimony outside the reach of the English court. I understand that the question of disclosure will be discussed at a case management hearing on December 7, 2020.
(2)     The question of witness evidence is a matter for English civil procedure rules, and should be determined by the English court.
(3)     US privilege and discovery rules should not apply to discovery of the documents you seek. English rules should apply for the reasons set out above.
(4)     Because Dechert is effectively a single entity, Dechert UK and Dechert US will comply with whatever is required under English disclosure rules, as directed by the English court. Further, as we have offered, we are willing to stipulate to the accuracy of the representations we are making.

**From:** Tab Rosenfeld <tab@rosenfeldlaw.com>
**Sent:** Wednesday, September 30, 2020 4:05 PM
**To:** Rosenberg, Benjamin <Benjamin.Rosenberg@dechert.com>
**Cc:** Raphel, Brian <Brian.Raphel@dechert.com>; Nicole Meyer <nm@rosenfeldlaw.com>; Steve Kaplan <steve@rosenfeldlaw.com>
**Subject:** RE: Subpoena served on Dechert LLP

Ben, thank you for the email. As I am sure you can appreciate, the discovery that our client is seeking is not only tailored to the specific claims in the case, but also is sought from an entity that is outside the jurisdiction of the foreign tribunal. I take it from your email that the subpoenaed entity (which is not subject to the jurisdiction of the UK courts) has records within its possession, custody and control which, in the absence of a stipulated agreement, are not within the possession, custody or control of its foreign affiliate. Therefore, it would seem to me that the question of whether certain records can be withheld on various grounds including on the grounds of privilege (an objection which, based on your email, it is apparent that you intend to raise) is a question of US law for the federal court in this jurisdiction to decide and not that of English law for the English court. The subpoena also seeks testimony from a witness with knowledge of the facts in this jurisdiction, presumably a member of Dechert's US Policy Committee, an issue which your

email does not address. Without prejudice to our client's rights, and in response to your request to try to avoid motion practice, I appreciate if you would respond to the following:

(1) Is Dechert LLP (US) willing to produce any of the categories of documents called for by the subpoena in either the US or UK proceedings and, if so, which categories of documents is Dechert willing to furnish?
(2) Is Dechert LLP (US) willing to produce a witness (or, if need be, witnesses) to give testimony here in the U.S. as required by the subpoena?
(3) If our client stipulates as requested, is Dechert willing to also stipulate that US federal rules (2nd Circuit) should be applied to any discovery disputes (including the issue of privilege) with regard to materials that are in effect being produced by the Dechert LLP (US)?
(4) What mechanism, if any, are you suggesting with regard to the enforcement of the subpoena (in the event of non-compliance) as against Dechert US, an entity not subject to the jurisdiction of the English court?

Thank you for your response.

**ROSENFELD & KAPLAN, LLP**
ATTORNEYS AT LAW

**Tab K. Rosenfeld** | *Partner*
1180 Avenue of the Americas, Suite 1920 | New York, NY 10036
Tel: (212) 682-1400 | Fax: (212) 682-1100
tab@rosenfeldlaw.com | rosenfeldlaw.com

This message is intended only for the use of the addressee and may be privileged and/or confidential. If you are not the intended recipient, you are hereby notified that the review and/or dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete it and notify us immediately. This transmission shall not constitute a designation authorizing service of legal papers by email.

---

**From:** Rosenberg, Benjamin <Benjamin.Rosenberg@dechert.com>
**Sent:** Friday, September 25, 2020 2:39 PM
**To:** Tab Rosenfeld <tab@rosenfeldlaw.com>
**Cc:** Raphel, Brian <Brian.Raphel@dechert.com>; Nicole Meyer <nm@rosenfeldlaw.com>; Steve Kaplan <steve@rosenfeldlaw.com>
**Subject:** RE: Subpoena served on Dechert LLP

Tab:

As we are preparing our response to the 1782 subpoena in the above-referenced matter, it occurred to us to inform you that both Dechert LLP (the Pennsylvania partnership on which you served the subpoena and from whom the subpoena demands documents), and Dechert LLP (the United Kingdom entity which is a defendant in the underlying proceeding in the UK (the "UK Litigation")) are parts of a global enterprise, referred to generally as "Dechert," and that Dechert is willing to stipulate that it will not consider them to be separate entities for purposes of responding to document requests in the UK Litigation. In other words, the defendant in the UK Litigation is willing to agree that it will not object to the production of any document on the grounds that it is in the possession of the US Dechert entity.

I mention this because we intend to argue that the subpoena should be quashed precisely because every document sought by your subpoena can be sought in the UK Litigation, and the English court that is already overseeing the UK Litigation is in a better position than the United States court to decide which documents are relevant to the UK Litigation and non-privileged under English law. You may have anticipated that your subpoena was somehow necessary because the defendant in the UK Litigation (Dechert LLP – the UK entity) might have asserted that it did not have custody or

control over documents held by other Dechert entities.  We would be willing to stipulate that is not the case.  Knowing that, you may wish to reconsider whether there is a need for a subpoena, at all.  If you agree that there is not, then we can avoid motion practice that may be costly for all parties.

**From:** Tab Rosenfeld <tab@rosenfeldlaw.com>
**Sent:** Wednesday, September 23, 2020 8:03 AM
**To:** Rosenberg, Benjamin <Benjamin.Rosenberg@dechert.com>
**Cc:** Raphel, Brian <Brian.Raphel@dechert.com>; Nicole Meyer <nm@rosenfeldlaw.com>; Steve Kaplan <steve@rosenfeldlaw.com>
**Subject:** RE: Subpoena served on Dechert LLP

Dear Mr. Rosenberg, without prejudice to our client's position, and subject to a full reservation of rights, we will accord your law firm an additional 14 days to respond to the subpoena.

**ROSENFELD & KAPLAN, LLP**
ATTORNEYS AT LAW

**Tab K. Rosenfeld |** *Partner*

1180 Avenue of the Americas, Suite 1920 **|** New York, NY 10036

Tel: (212) 682-1400 **|** Fax: (212) 682-1100

tab@rosenfeldlaw.com **|** rosenfeldlaw.com

This message is intended only for the use of the addressee and may be privileged and/or confidential.  If you are not the intended recipient, you are hereby notified that the review and/or dissemination of this communication is strictly prohibited.  If you have received this communication in error, please delete it and notify us immediately.  This transmission shall not constitute a designation authorizing service of legal papers by email.

**From:** Rosenberg, Benjamin <Benjamin.Rosenberg@dechert.com>
**Sent:** Tuesday, September 22, 2020 1:34 PM
**To:** Tab Rosenfeld <tab@rosenfeldlaw.com>
**Cc:** Raphel, Brian <Brian.Raphel@dechert.com>
**Subject:** Subpoena served on Dechert LLP

Mr. Rosenfeld,

I am representing Dechert LLP in connection with its response to the subpoena that your firm served on behalf of Mr. Al Sadeq.  Yesterday, we received a copy of your subpoena for the first time from our registered agent.  Based on the materials we received, it looks like you served the New York Secretary of State on or around August 20 but the New York Secretary of State did not send that subpoena to our registered agent for several weeks.  Our registered agent did not receive the subpoena until September 17 and we did not receive it until September 21.  Needless to say, we were unable to respond by your September 14 deadline because we had not yet received the subpoena.

Dechert LLP objects to the subpoena on multiple grounds and intends to file a motion to quash.  Given the New York Secretary of State's delay in processing the subpoena, as well as the need to coordinate our response with international clients who may have privilege interests over the documents you seek, we intend to request two weeks to file our motion.  Please let me know if you will consent to that request so we may inform the Court of your position.  Thank you.

**Benjamin Rosenberg**

**Dechert LLP**

1095 Avenue of the Americas
New York, NY 10036
+1 212 698 3622  Direct
+1 347 306 0051
benjamin.rosenberg@dechert.com
dechert.com

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.