UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
IN RE APPLICATION OF KARAM SALAH :
AL DIN AWNI AL SADEQ FOR AN ORDER : Civil Action No. 1:20-mc-275-JPO
UNDER 28 U.S.C. § 1782 TO CONDUCT :
DISCOVERY FOR USE IN FOREIGN :
PROCEEDINGS : Hon. J. Paul Oetken
 :
------------------------------------------X

## DECLARATION OF JAMES M. CROOCK

JAMES M. CROOCK declares as follows

1. I am an English solicitor and am the International General Counsel for the global law firm known commonly as Dechert, which is a combination of separate limited liability partnerships and other entities registered in different jurisdictions, which, to the fullest extent possible (and with exceptions in Hong Kong and Ireland to comply with local Bar rules), collectively operate as a single firm.

2. Dechert operates in the United States as a Pennsylvania limited liability partnership ("Dechert US").  Where permitted by local laws, Dechert offices are generally established as branch offices of Dechert US.  For example, Dechert's operations in the United Arab Emirates, Belgium, and Germany, are each conducted through branch offices of Dechert US located in those countries.

3. In other jurisdictions where required or permitted by local law, Dechert has established legal entities in foreign jurisdictions that engage in the practice of law in those jurisdictions and that continue to operate as part of the singular Dechert firm.  For example, Dechert exists in the United Kingdom as an English limited liability partnership with registered number OC306029 with its office in London, England which is authorised and regulated by the

Solicitors Regulation Authority of England & Wales ("Dechert UK"). I am the general counsel of Dechert UK and its Compliance Officer for Legal Practice registered as such with the Solicitors Regulation Authority.

4. All of the partners of Dechert UK, like the partners of all of the entities that are part of Dechert, are also partners of Dechert US.

5. Dechert's global activities are directed by a single policy committee, which consists of partners who work in offices around the globe. There is no separate policy committee for Dechert US, Dechert UK, or any other entity within the Dechert family.

6. As part of Dechert's commitment to operating globally as a single firm, Dechert has a global policy and practice that materials held in one office or legal entity are treated as being within the custody and control of each of the other entities. Physical and electronic materials that are present in one office can generally be accessed by Dechert personnel working in any office. As pertinent here, Dechert UK has control over, as well as the rights to possess and inspect, physical and electronic documents held by Dechert US and vice versa.

7. Dechert UK and three of its current or former partners are defendants in <u>Karam Salah Al Din Awni Al Sadeq v. Dechert LLP, Neil Gerrard, David Hughes, and Caroline Black,</u> Claim No. QB-2020-00322 ("UK Litigation"), a case that arises out of Dechert's legal representation of the Government of Ras Al Khaimah ("RAK") to assist with an investigation into transactions carried out by the subsidiary companies of RAK Investment Authority ("RAKIA"), which is also a Dechert client.

8. Dechert was engaged by the Investment and Development Office of the Government of RAK in June 2013, and later by RAK Development LLC. The engagement letters were signed with Dechert's Dubai office, which is legally a branch of Dechert US. The

engagement letters are expressly governed by English law. Additionally, RAKIA directly engaged Dechert US in 2016 for legal representation in an unrelated matter. However, pursuant to general policies and practices that apply to all Dechert clients, Dechert has treated RAK and RAKIA as clients of Dechert in its entirety.

9. Similarly, although Dechert UK is nominally the entity that has been sued in the UK Litigation, Dechert has not asserted, and will not assert, any position in the UK Litigation based on the technical distinction between Dechert UK and the other Dechert entities. For all intents and purposes Dechert is participating in the UK Litigation as a singular, international firm.

10. Dechert is represented in the UK Litigation by Mr. Edward Allen, a solicitor and partner of Enyo Law LLP. I have instructed Mr. Allen that any discovery or disclosure obligations in the UK Litigation should be addressed to Dechert in its entirety and he should not assert any objection to such obligations on the grounds that any specific document is currently controlled by a Dechert entity other than Dechert UK. In other words, to the extent that documents currently held by Dechert US are relevant and otherwise discoverable under English law in the UK Litigation, I have instructed Mr. Allen to produce such documents in the UK Litigation irrespective of which Dechert entity holds or controls those documents. Dechert has followed the same procedure in the past and has produced documents held in the United States in English legal proceedings regardless of which specific Dechert entity was sued in the English legal proceedings.

11. I also am familiar with a legal proceeding with the caption <u>Ras Al Khaimah Investment Authority v. Farhad Azima</u>, Case No. HC-2016-002798, which was litigated before the High Court of Justice Business and Property Courts of England and Wales, Business List

(ChD), because one of my partners, Mr. Gerrard, provided testimony in that matter. It is my understanding that this matter arose out of RAKIA's claim for damages from Mr. Azima arising from, among other things, Mr. Azima's fraudulent misrepresentations about a failed business venture. Mr. Azima counterclaimed against RAKIA, alleging that RAKIA had hacked his computer to obtain the documents on which it based its claims. RAKIA prevailed on its damages claim in the Azima Litigation and the court dismissed Mr. Azima's counterclaims. Mr. Azima has been granted permission to appeal the judgment.

12. Mr. Hughes, one of the individual defendants in the UK Litigation, left Dechert to join another firm on May 31, 2017. Mr. Gerrard, another of the individual defendants, announced his retirement on August 26, 2020, which will become effective on December 31, 2020.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October  6 , 2020

_____
James M. Croock